UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN ZUHOVITZKY,

                     Plaintiff,

-v-

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE TREASURY, UNITED STATES INTERNAL REVENUE SERVICE, FHIRDOSA KHATIB, (in her Capacity both as a Federal Employee and Individually) and JENNIFER SAWYER, (in her capacity both as a Federal Employee and Individually)

                     Defendants.

20 Civ. 4937 (JGK)

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

      WHEREAS, on or about June 26, 2020, Plaintiff Jonathan Zuhovitzky ("Plaintiff") filed a complaint (the "Complaint") commencing the above-captioned action against the United States of America, the United States Department of the Treasury, the United States Internal Revenue Service (together, the "Government"), Firdosa Khatib in her individual and official capacities, and Jennifer Sawyer in her individual and official capacities (the "Individual Defendants," and, together with the Government, "Defendants"), asserting claims against the Government under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), the Fifth Amendment to the United States Constitution, and the Eighth Amendment to the United States Constitution, and against the Individual Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 399 (1971) (the "Action");

      WHEREAS, the Government previously asserted a penalty against Plaintiff for willful failure to file a Foreign Bank Account Report for the 2007 tax year (the "FBAR Penalty");

      WHEREAS, Plaintiff and Defendants now wish to settle the Action;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and the Defendants, through their respective counsel, that the Action shall be settled and compromised on the following terms and conditions:

1. This Action is hereby dismissed with prejudice, without costs, interest, attorneys' fees, or disbursements to any party.

2. The Government shall remove the FBAR Penalty (including any associated interest, fees, costs or penalties on the FBAR Penalty) as of the date of the entry of this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") by abating the FBAR Penalty to zero dollars. The Government acknowledges that as of the entry of this Stipulation and Order, Plaintiff has no obligation relating to the FBAR Penalty (including any associated interest, fees, costs or penalties on the FBAR Penalty), and that the Government shall not pursue any legal or administrative action to collect upon the FBAR Penalty (including any associated interest, fees, costs or penalties on the FBAR Penalty), including but not limited to administrative offset of Social Security or other benefits or funds due to Plaintiff from the Government. For the sake of clarity, the Government considers the FBAR Penalty to be fully resolved as of the entry of this Stipulation and Order.

3. Plaintiff hereby agrees that this Stipulation and Order shall be in full settlement of any and all claims that the Plaintiff and any of his executors, successors in interest, administrators, or assigns have, may have, or may hereafter acquire against the Defendants, their agencies, departments, officers, employees and agents (including both present and former officers, employees, and agents), on account of the facts, events and circumstances giving rise to the Action, the causes of action that Plaintiff asserted or could have asserted in this litigation, and any claims

incident thereto (including all past, present, or future claims for attorneys' fees, costs, or expenses of any kind, however denominated, relating to services performed in connection with this matter). For the avoidance of doubt, and in the interest of gaining closure on this matter in a timely fashion, Plaintiff agrees that he shall not pursue any legal or administrative action seeking the return of the $6,358.55 taken by the Government as administrative offsets prior to the entry of this Stipulation and Order. This Stipulation and Order does not create or impose any obligation on Defendants to refund the $6,358.55.

4. Upon execution of this Stipulation, Plaintiff releases and forever discharges the Defendants, their agencies, departments, officers, employees, and agents (including both present and former officers, employees, and agents) from any and all claims and demands that Plaintiff or any of his heirs, executors, successors-in-interest, administrators or assigns have, may have, or may hereafter acquire against them, on account of the facts, events, and circumstances giving rise to the Action, the causes of action that Plaintiff asserted or could have asserted in this litigation, and any claims incident thereto (including all past, present, or future claims for attorneys' fees, costs, or expenses of any kind, however denominated, relating to services performed in connection with this matter).

5. This Stipulation and Order is not, is in no way intended to be, and should not be, construed as an admission of liability, fault, or violation of any law, rule, or regulation, or as an admission that the FBAR Penalty was incorrectly or wrongly assessed, on the part of the Defendants or any of the Government's present or former departments, agencies, agents, officials, or employees. This Stipulation and Order also is not, is in no way intended to be, and should not be construed as, an admission of liability, fault, or violation of any law, rule, or regulation or as a

concession that the FBAR Penalty was correctly or rightfully assessed, on the part of Plaintiff or any of his agents, guardians, heirs, executors, administrators, successors, or assigns. This Stipulation and Order is entered into by the parties hereto for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

6. This Stipulation and Order shall be binding upon and inure to the benefit of the parties and their principals, agents, representatives, heirs, successors, and assigns.

7. Each signatory to this Stipulation and Order hereby represents and warrants that he or she has the requisite authority to enter into this Stipulation and Order and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation and Order.

8. The terms of this Stipulation and Order shall become effective upon entry of this Stipulation and Order by the Court. If not approved and entered by the Court, this Stipulation and Order shall be null and void, with no force or effect.

9. Plaintiff and Defendants understand and agree that this Stipulation and Order contains the entire agreement between them and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

10. Plaintiff agrees and represents that he has had the benefit of counsel with respect to this Stipulation and Order, has read it fully before signing, and has a full and clear understanding as to its meaning and import.

11. The Court shall retain jurisdiction over all matters concerning the Stipulation and Order.

12.  The Stipulation and Order shall be governed by, interpreted under, and construed in accordance with federal law.

13.  It is contemplated that this Stipulation and Order may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated: March 19, 2021
New York, New York

COHEN, LABARBERA &
LANDRIGAN LLP
*Attorney for Plaintiff*

By: /s/ Melissa A. Perry
MELISSA ANN PERRY
COHEN, LABARBERA & LANDRIGAN LLP
99 Brookside Avenue
Chester, NY 10918
Tel.: (239) 404-0239
E-mail: mperry@cll-law.com

Dated: March 19, 2021
New York, New York

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
*Attorney for Defendants*

By: /s/ Lucas Issacharoff
LUCAS ISSACHAROFF
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2737
E-mail: lucas.issacharoff@usdoj.gov

SO ORDERED:

/s/ John G. Koeltl
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

Dated: March 19, 2021
New York, New York

5